UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DESIREE FLORES,

                Plaintiff,

-against-

ECI TRANSPORT, INC. d/b/a ECONO COURIER a/k/a ECI, et al.,

                Defendants.

23-CV-2037 (JGLC)

**MEMORANDUM OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

Before the Court is a motion by Plaintiff to remand the action to state court. For the reasons stated herein, the motion is GRANTED.

## BACKGROUND

On March 2, 2022, Plaintiff Desiree Flores ("Plaintiff") filed a Complaint against Franklin Flores ("Defendant Flores"), ECI Transport, Inc. d/b/a Econo Courier a/k/a ECI ("ECI") and Kellean Oliver ("Oliver," together with Defendant Flores and ECI, "Defendants") in the Supreme Court of the State of New York, County of Bronx. ECF No. 1-2 ("Compl.").

Plaintiff alleges that on June 7, 2021, Defendant Flores owned and was operating a vehicle in which Plaintiff was a passenger. *Id*. ¶¶ 6–8. Plaintiff claims that on the same day, Oliver was operating a vehicle owned by ECI. *Id*. ¶¶ 9–10. According to Plaintiff, the vehicle owned and operated by Defendant Flores and the vehicle owned by ECI and operated by Oliver struck each other. *Id*. ¶¶ 14–15. Plaintiff alleges that Defendants were negligent, careless and reckless in their ownership, operation, management, supervision, use and control of their motor vehicles. *Id*. ¶¶ 17–18. Plaintiff further alleges that by reason of the contact among the vehicles, she sustained serious and permanent injuries, endured pain and suffering, was incapacitated from

her normal pursuits, incurred lost earnings and medical expenses and lost the enjoyment of life. *Id.* ¶¶ 16, 19.

On March 12, 2022, Oliver was served with the summons and Complaint and on April 14, 2022, ECI was served with the summons and Complaint. ECF Nos. 7-2, 7-3. Attempts were made to serve Defendant Flores on March 22, 2022 and March 28, 2022. ECF No. 7-4. Personal service could not be made with due diligence and so on April 21, 2022, the summons and Complaint were affixed to the door of Defendant Flores' usual place of abode. *Id.* On May 2, 2022, the summons and Complaint were also mailed to Defendant Flores. *Id.*

On May 17, 2022, ECI and Oliver filed their Answer. ECF No. 7-5. On March 9, 2023, Plaintiff and Defendant Flores entered a stipulation extending the time for Defendant Flores to appear and answer in the state court matter until March 17, 2023 and agreeing that Defendant Flores waives any affirmative defense based on lack of jurisdiction due to improper service of process. ECF No. 7-8. Defendant Flores filed his Answer the next day. ECF No. 7-9.

On March 10, 2023, ECI and Oliver filed a Notice of Removal with this Court. ECF No. 1. Defendant Flores did not join the Notice. *Id.* On March 28, 2023, Plaintiff filed a Motion to Remand on the grounds that removal was untimely and that the Court lacks subject matter jurisdiction. ECF No. 7. ECI and Oliver opposed the Motion to Remand on April 3, 2023. ECF No. 8 ("Defs.' Mem."). Plaintiff did not file a reply.

## DISCUSSION

"[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "While not codified until 2011, common law long required all defendants to consent to removal." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021). "The removing party bears the burden of demonstrating . . . compliance with

the relevant procedural requirements, including the rule of unanimity." *Metro. Transp. Auth. v. United States Fid. & Guar. Co.*, No. 14-CV-9059 (PAE), 2015 WL 1730067, at *7 (S.D.N.Y. Apr. 14, 2015) (internal quotation marks omitted). Courts are required to "strictly construe[]" removal statutes and "resolve all doubts against removability." *Taylor*, 15 F.4th at 150 (cleaned up). Here, it is uncontested that Defendant Flores did not join the Notice of Removal or otherwise consent to removal.

"Exceptions to this general rule that all defendants must join or consent to the petition for removal have been recognized where: (1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." *Ell v. S.E.T. Landscape Design, Inc.*, 34 F. Supp. 2d 188, 194 (S.D.N.Y. 1999). As Plaintiff and Defendant Flores entered a stipulation agreeing that Defendant Flores waives any affirmative defense based on lack of jurisdiction due to improper service of process, the first exception does not apply. The removed claim is not a separate and independent claim, so the third exception does not apply either.

Therefore, only the exception regarding nominal parties possibly applies. "A party is deemed nominal if, based on the substantive law of the state where the federal court sits, no cause of action could be stated against him." *Zerafa v. Montefiore Hosp. Hous. Co.*, 403 F. Supp. 2d 320, 325 (S.D.N.Y. 2005) (citing *Saxe, Bacon & Bolan, P.C. v. Martindale–Hubbell, Inc.*, 521 F. Supp. 1046, 1048 (S.D.N.Y. 1981)).

Under New York law, the elements necessary to establish a cause of action for negligence are that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached or failed to exercise that duty; and (3) the plaintiff suffered injury as a proximate result of that

failure. *Akins v. Glens Falls City Sch. Dist.*, 424 N.E.2d 531, 535 (N.Y. 1981). ECI and Oliver make no argument as to any of these elements with regard to Defendant Flores. Instead, ECI and Oliver only allege, upon information and belief and without any supporting evidence, that Defendant Flores does not have spousal insurance that would provide for coverage for injuries to his spouse, Plaintiff. Defs.' Mem. at 2; *see also id*. at 1 ("[P]laintiff wrongfully named Franklin Flores, her husband, as a defendant. New York Insurance Law 3420(g)(1)."). ECI and Oliver do not suggest that because of the lack of spousal insurance, no cause of action could be stated against Defendant Flores. That Defendant Flores may not have spousal insurance simply means that it is unlikely his insurance will provide coverage in the event that Defendant Flores is found liable for Plaintiff's alleged injuries.

ECI and Oliver's assumption about insurance coverage does not make Defendant Flores a nominal party. And even if there are doubts about why Plaintiff Flores brought suit against her husband, the Court cannot conclude, based on the record before it, that he is a nominal party, as the Court is required to "resolve all doubts against removability." *Taylor*, 15 F.4th at 150. As such, the Court finds that Defendant Flores was required to join in the motion for removal but did not do so.

Plaintiff further seeks costs and expenses associated with her Motion to Remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "A basis for removal is objectively reasonable if the removing party had a colorable argument that removal was proper." *Nguyen v.*

*Am. Express Co.*, 282 F. Supp. 3d 677, 683 (S.D.N.Y. 2017) (quoting *In re Standard & Poor's Rating Agency Litig.*, 23 F.Supp.3d 378, 407 (S.D.N.Y. 2014)). Because ECI and Oliver had a colorable argument that removal was proper – that allegedly there is diversity of citizenship and the amount in controversy exceeds the jurisdictional requirement – the Court declines to award fees and costs to Plaintiff. *See Gold Town Corp. v. United Parcel Serv., Inc.*, 519 F. Supp. 3d 169, 178 n.5 (S.D.N.Y. 2021) (remanding because not all defendants consented to removal, but denying the plaintiff's request for fees and costs); *Tamm Consulting v. Cincinnati Ins. Co.*, No. 18-CV-11415 (RA), 2020 WL 1144713, at *4–5 (S.D.N.Y. Mar. 9, 2020), *aff'd sub nom. Tamm v. Cincinnati Ins. Co.*, 858 F. App'x 412 (2d Cir. 2021) (finding that certain defendants failed to provide written consent to removal and therefore remanding, though declining to award fees as it was not objectively unreasonable for the removing defendants to think that other defendants were fraudulently joined and so would not need to consent to removal).

Accordingly, Plaintiff's Motion to Remand is GRANTED, and the action is remanded to the Supreme Court of the State of New York, County of Bronx.

Dated:  September 7, 2023
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge